**In the Matter of John CAPPER.**

**No. 54S00–9810–DI–545.**

Supreme Court of Indiana.

Nov. 2, 2001.

Daniel P. Byron, Indianapolis, Indiana, for Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, Indiana, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION.

PER CURIAM.

We admonish lawyer John Capper today because he communicated directly or through his client with adverse parties about legal representations when he knew counsel represented the adverse parties. He also engaged in a conflict of interest by representing a husband in a post-dissolution matter when a law firm associate of his had earlier represented the wife.

Before us for approval is the parties' *Statement of Circumstances and Conditional Agreement for Discipline,* tendered pursuant to Ind.Admission and Discipline Rule 23(11)(c) to resolve the disciplinary charges pending against the respondent, who was admitted to the bar of this state in 1974. The opinion that follows summarizes the facts and circumstances of this case.

Pursuant to Count I, the parties agree that in 1993, an associate in the law firm in which the respondent was a partner represented the wife in a dissolution action. After about two months, the wife terminated her employment of the associate, and hired another attorney from an outside firm to represent her in the case. A final dissolution decree was entered in the case on July 12, 1994. Two years later, the now former wife initiated contempt proceedings against her former husband for his alleged failure to remain current on child support obligations. Shortly thereafter, the former husband and his new wife (who was the respondent's client) made plans to move to Virginia. They consulted with the respondent about having the dissolution decree modified so that the former husband would have visitation rights while in Virginia. On August 27, 1996, the respondent advised the former wife's lawyer by letter of his representation of the former husband in the post-dissolution matters. At no time did the former wife consent to the respondent's representation of the former husband. In March 1997, the former wife objected to the respondent's representation of the former husband on the basis of conflict of interest. The respondent withdrew shortly thereafter.

■ Indiana Professional Conduct Rule 1.10(a) provides that, while lawyers are associated in a firm, none of them shall represent a client if he knows or should know in the exercise of reasonable care and diligence that any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.8(k), 1.9, or 2.2. Professional Conduct Rule 1.9(a) provides that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless

the former client consents after consultation. By representing the former husband in the post-dissolution matter after a lawyer in his firm represented the former wife during the dissolution, the respondent violated Ind.Professional Conduct Rule 1.9(a) through imputation via Prof.Cond.R. 1.10(a).

Under Count II, the parties agree that in September 1996 the respondent represented a former husband in post-dissolution matters centering on moving the children of the marriage out of their school district. The former wife was represented by counsel. A hearing on the matter was scheduled, and then continued with no further action. Several months later, the former husband advised the respondent that a new dispute had arisen and that he had agreed with the former wife to have physical custody of one of the children in resolution of that dispute. The former husband directed the respondent immediately to draft an agreement, since the child's school needed it prior to enrollment. The former husband also advised the respondent that the former wife was not going to use an attorney in resolution of the matter in order to save money. Relying on his client's representations, the respondent drafted the agreement and provided it to his client, but did not contact opposing counsel. The former husband returned the agreement with both his and the former wife's signatures on it. The respondent later filed the agreement with the court.

■ Professional Conduct Rule 4.2 provides that, in representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. It was clear that the former wife was represented by

**140**

counsel in the first post-dissolution dispute. The respondent thereafter failed to confirm that the former wife still employed counsel when the second dispute arose, instead relying on his client's assertions that she was no longer represented. By then using his own client to communicate with the former wife (who was still represented by counsel), the respondent violated Prof.Cond.R. 4.2. His actions were prejudicial to the administration of justice as well, in violation of Prof.Cond.R. 8.4(d).

As for Count III, the parties agree that in 1996, the respondent represented a husband in a dissolution action. The wife was also represented by counsel. In August 1996, opposing counsel served the respondent with interrogatories and requests for production relative to the husband's financial status. Final hearing was scheduled for November 1, 1996. By October 1996, when opposing counsel had not yet received the answers to the interrogatories and requests for production, he contacted the respondent by fax to inquire as to the status of the requests.

In late October 1996, the husband and wife appeared in the respondent's office, advising him that they wished to settle their case. The wife told the respondent of her dissatisfaction with her lawyer and that she had terminated his services. The respondent, without contacting opposing counsel to verify the wife's statement, communicated directly with her about settlement. Thereafter, the respondent submitted a signed settlement agreement to the court without notifying opposing counsel. The court refused to accept the agreement without opposing counsel's participation since he was still counsel of record. Once opposing counsel was notified, the agreement was accepted as written.

■ A violation of Prof.Cond.R. 4.2 has been found where a lawyer relied on a represented party's assertion to the lawyer that the represented party's counsel consented to direct contact by the lawyer. *Matter of Searer*, 950 F.Supp. 811 (W.D.Mich.1996). In the present case, the respondent relied exclusively on the former wife's assertion that she had fired her lawyer. The wife made that statement during a conversation in the respondent's office with the respondent's client present. Rather than recognizing the special vulnerability of parties to dissolution and post-dissolution matters and verifying her statement with a simple telephone call to opposing counsel (with whom the respondent, up to that point, had been communicating regarding the case), he chose simply to proceed with establishing a proposed settlement. We note that the respondent has admitted to a violation of Prof.Cond.R. 4.2 under the circumstances presented here, and that agreed facts, without more, do support such a finding. In light of these considerations, we find that by communicating directly with a represented adverse party, the respondent violated Prof. Cond.R. 4.2 and 8.4(d).

■ The parties have agreed to a public reprimand for the respondent's misconduct. Given that no party was actually harmed by the respondent's acts and because the respondent's misconduct in Counts II and III was precipitated by his reliance on the erroneous assertions of his client or adverse parties, we find that the proffered sanction should be approved. We note, however, that this case serves as a vivid reminder that lawyers should independently verify that opposing parties wishing to communicate directly with them are in fact not represented by counsel, especially where the lawyer knows that the party had previously been represented in the matter.

Accordingly, the respondent, John Capper, is hereby reprimanded and admonished for the misconduct described herein.

The Clerk of this Court is further directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, to the hearing officer appointed to hear this matter, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

BOEHM and RUCKER, JJ., dissent from the finding of misconduct under Count III.